# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY PONTANINI and ANGELA PONTANINI, ) ) ) Plaintiffs, ) ) v. ) ) NORTHFIELD INSURANCE COMPANY, ) ) Defendant. ) | No. 15 C 6141 Judge Sara L. Ellis |

## ORDER

Plaintiffs' motion to remand [19] is granted. Defendant's motion to stay proceedings on Plaintiffs' motion to remand [21] is denied. This case is remanded to the Circuit Court of Cook County. See Statement.

## STATEMENT

Plaintiffs Anthony and Angela Pontanini (collectively, the "Pontaninis") filed this action in the Circuit Court of Cook County against Defendant Northfield Insurance Company ("Northfield"), seeking coverage under a liability insurance policy Northfield issued to Advanced Equipment Services, Inc. ("AESI").[1] AESI assigned its rights and interests under the policy and any causes of action it had against Northfield to the Pontaninis as part of its settlement of litigation the Pontaninis brought against AESI and for which Northfield had denied coverage.[2] Northfield removed the case to federal court based on diversity jurisdiction, 28 U.S.C. §§ 1332 & 1441, and then filed a motion to dismiss [14], arguing that it had no duty to defend AESI and so the Pontaninis, as AESI's assignees, cannot state a claim against Northfield.

After Northfield filed its motion to dismiss, the Pontaninis filed a motion to remand the case to state court based on the service of suit provision in the insurance policy [19]. The provision reads:

---

[1] ICW Group Insurance Companies ("ICW") filed a complaint in intervention against Northfield. ICW has not participated in the briefing of the motions at issue in this Order or expressed any position on the issues before the Court.

[2] Specifically, the settlement agreement provided that AESI is obligated to pay the Pontaninis $4,760,000, which, with the exception of $10,000 paid by AESI to the Pontaninis, is to be satisfied through the assignment of AESI's rights under the Northfield policy and any causes of action AESI has against Northfield and several other entities. Doc. 2-1 at 21–22.

> In the event of our failure to pay any amount claimed to be due hereunder, we, at the request of the Insured (or reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practices of such court.

Doc. 2-1 at 37. The service of suit provision functions as a waiver of the insurer's right to remove a case filed by the insured in state court. *Logan v. Associated Int'l Ins. Co.*, 131 F. Supp. 2d 986, 988 (N.D. Ill. 2001) ("The key words in the clause plainly mean that the insurers will submit to the jurisdiction of the insured's choosing."); *see also Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1047 (11th Cir. 2001) ("[T]he collective holdings of all federal courts that have addressed similar service of suit clauses would support a remand in this case because First State consented to be sued in any jurisdiction chosen by Russell thereby waiving its right to remove this case to federal court."); *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15 (5th Cir. 1991) ("[B]y including the 'Service of Suit' endorsement in the general liability policy it issued to Rose City, Nutmeg ceded to Rose City (and therefore its assignees) the right to choose the forum in which any dispute would be heard, and has foregone its right to remove the action.").

Northfield does not contest this general proposition but instead argues that the Pontaninis, as AESI's assignees, cannot enforce the service of suit provision because the insurance policy contains an anti-assignment provision. *See* Doc. 2-1 at 31 ("Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured."). Accordingly, Northfield filed a motion to stay proceedings on the Pontaninis' motion to remand [21]. Northfield maintains, without citing to caselaw, that absent a breach of the policy by Northfield, AESI could not assign its rights to the Pontaninis without Northfield's consent, and so the Court must address the motion to dismiss before determining whether Northfield waived the right to remove the case to federal court.[3] But the Court does not find this to be the appropriate sequencing of decisions, for the Court must first determine in which forum the case should proceed before reaching the merits of whether Northfield had a duty to defend or indemnify AESI. *See Tuminaro v. Garland Co.*, No. 11-cv-203-bbc, 2011 WL 10501186, at *3 (W.D. Wis. May 6, 2011) ("What purpose would it serve to send a case to another forum *after* the court decided that the noncompete agreement was enforceable? Issues such as jurisdiction and venue are decided before the merits."). Therefore, Northfield's motion to stay [21] is denied. In order to evaluate the remand issue, however, the Court must still

---

[3] Northfield's argument may be that if it did not breach its duty to defend, then AESI needed to obtain its consent to settle with the Pontaninis and so if Northfield did not breach its duty to defend, the settlement is not binding on it and the Pontaninis cannot enforce the settlement against it. *See Guillen ex rel. Guillen v. Potomac Ins. Co. of Illinois*, 785 N.E.2d 1, 6–7, 203 Ill. 2d 141, 271 Ill. Dec. 350 (2003) ("[I]f [the insurer] did not breach its duty to defend the [insured], then the [insured's] decision to settle with [the assignee] has no binding effect upon [the insurer]."). But this argument does not address the issue of the proper venue in which to decide whether Northfield had a duty to defend AESI. Nor would it affect the assignment of AESI's claim against Northfield to the Pontaninis, which was made "as is" and "with all faults, and without any representation or warranty." Doc. 2-1 at 21. Rather, this argument goes to the merits of the Pontaninis' claim.

determine whether the anti-assignment provision prevents the Pontaninis from enforcing the service of suit provision.

An anti-assignment clause does not prohibit assignment of a claim for a loss under the policy once a claim has arisen, as that constitutes an assignment of policy proceeds. *Illinois Tool Works, Inc. v. Commerce & Indus. Ins. Co.*, 962 N.E.2d 1042, 1054, 2011 IL App (1st) 093084, 357 Ill. Dec. 141 (2011) ("[N]otwithstanding the existence of an anti-assignment or consent provision, a policy may be assigned after a loss without notice to or consent of the insurer[.]"); *Cincinnati Ins. Co. v. Am. Hardware Mfrs. Ass'n*, 898 N.E.2d 216, 234, 387 Ill. App. 3d 85, 325 Ill. Dec. 483 (2008) (allowing assignee to pursue insured's right to defense costs from insurer despite existence of anti-assignment clause). Northfield even admits that AESI could assign its claim for policy proceeds to the Pontaninis. But it contends that AESI's assignment does not go beyond the right to collect policy proceeds to allow the Pontaninis to enforce the service of suit provision of the policy, which Northfield maintains is a right personal to AESI. But as AESI's assignee, the Pontaninis stepped into the shoes of AESI, taking all of AESI's rights under the policy to the extent contemplated by AESI and the Pontaninis' settlement agreement. *Brandon Apparel Grp. v. Kirkland & Ellis*, 887 N.E.2d 748, 756, 382 Ill. App. 3d 273, 320 Ill. Dec. 604 (2008) ("The assignment transfers to the assignee all the right, title or interest of the assignor in the thing assigned. Thus, the assignee stands in the shoes of the assignor." (citation omitted) (internal quotation marks omitted)). Here, the settlement agreement assigned the Pontaninis the "rights under AESI's Northfield commercial general liability insurance policy(ies), which rights may include, without limitation, [AESI's] right to a legal defense, [and] payment and indemnification from Northfield arising out of the claims asserted against AESI in the Lawsuit and the Consent Judgment (hereafter defined) to be entered against it therein[.]" Doc. 2-1 at 19. The assignment of rights under the settlement agreement is broad, and Northfield provides the Court with no reason why the assignment excludes the Pontaninis' right to enforce the service of suit provision. *Cf. Pine Top Receivables of Illinois, LLC v. Banco De Seguros del Estado*, No. 12 C 6357, 2013 WL 677986, at *2–3 (N.D. Ill. Feb. 25, 2013) (assignee could not enforce arbitration provision where assignment agreement stated that it "shall not be construed to be a novation or assignment of the Policies"). Thus, the Court finds that the Pontaninis may enforce the service of suit provision. *See City of Rose City*, 931 F.2d at 15 (allowing assignee to enforce service of suit provision against insured, even though service of suit provision did not specify that it applied to assignees); *U.S Fire Ins. Co. v. Arch Specialty Ins. Co.*, No. WDQ-08-1249, Doc. 22 at 6–7 (D. Md. July 15, 2008) (finding that anti-assignment clause did not bar transfer of the policy and enforcement of service of suit clause by assignee). This requires remand of the case to state court, where Northfield's motion to dismiss may be addressed. *Logan*, 131 F. Supp. 2d at 988; *U.S. Fire Ins. Co.*, Doc. 22 at 6–7.


Date:  September 28, 2015                                          /s/    Sara L. Ellis